WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Louis Russo, | No. CV-15-02001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Pelican Partners International S. de R.L. de C.V., et al., | |
| Defendants. | |

On July 5, 2016, the Court issued an Order granting Plaintiff Michael Russo's motion for default judgment, (Doc. 11), and awarded $233,910 in damages. (Doc. 18 at 17). Plaintiff also sought an award of pre-interest judgment on the aforementioned damages, (Doc. 1 at 15), but the record lacked evidence of an exact accrual date, precluding the Court from calculating pre-interest judgment in accordance with Arizona law. (Doc. 18 at 15). In light of this evidentiary deficiency, the Court granted Plaintiff leave through July 13, 2016, to file a supplemental brief "establishing an accrual date for purposes of determining pre-judgment interest on the award of damages." (*Id.* at 17).

On July 13, 2016, Plaintiff filed the pending motion to supplement the record. (Doc. 19). Attached to Plaintiff's motion is a demand letter furnished upon Defendants on September 19, 2015.[1] (Doc. 19-1 at 2-6). The Arizona Court of Appeals has held that a

---

[1] The demand letter itself was authored on September 18, 2016, (Doc. 19-1 at 2), and Plaintiff asserts that he mailed it on the same date. The record does not indicate when Defendants received the demand letter. Absent any evidence to the contrary or argument from Defendants—who have declined to take any active role in this case since its inception—the Court finds that Plaintiff's proffered date of September 19, 2015, is

demand letter is sufficient to establish the date of accrual for purposes of determining pre-judgment interest, provided that it does not include a "lump sum amount" and it "itemize[s] the damages." *Scottsdale Ins. Co. v. Cendejas*, 205 P.3d 1128, 1136 (Ariz. Ct. App. 2009). The demand letter submitted to the Court both establishes the total sum Plaintiff sought in damages, (Doc. 19-1 at 3), and also an itemized accounting of the individual losses incurred by Plaintiff in the form of payments made to Defendants. (*Id.* at 3 n.1). The Court finds that Plaintiff's demand letter "provides 'sufficient information and supporting data' to allow the [Defendants] to determine the amount owed." *Scottsdale Ins. Co.*, 205 P.3d at 1136 (quoting *Alta Vista Plaza*, *Ltd. v. Insul. Specialists Co.*, *Inc.*, 919 P.2d 176, 178 (Ariz. Ct. App. 1995)).

A.R.S. § 44-1201 (B) establishes that "[u]nless specifically provided for in statute or a different rate is contracted for in writing, interest on any judgment shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one percent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 or any publication that may supersede it on the date that the judgment is entered." Pursuant to the July 15, 2016 "Statistical Release H.15" of the Federal Reserve, the Bank Loan Prime Rate of Interest for July 15, 2016, is 3.50%. Plaintiff is therefore entitled to pre-judgment interest at the rate of 4.50% on the award of $233,910 in damages from September 19, 2015, through the date of this judgment, July 15, 2016. A.R.S. § 44-1201 (B). The calculation comes to $8,651.47 in pre-judgment interest.

Accordingly,

/
/
/
/
/

reasonable.

**IT IS ORDERED** that Plaintiff's motion to supplement the record, (Doc. 19), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $8,651.47 in pre-judgment interest on the $233,910 award of damages.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Plaintiff for the total amount of $242,561.47.

Dated this 15th day of July, 2016.

James A. Teilborg
Senior United States District Judge